PILLSBURY FLOUR MILLS COMPANY, A CORPORATION, RESPONDENT, v. JOSEPH H. STONE AND HERMAN STONE, PARTNERS, TRADING AS STONE & COMPANY, APPELLANTS.

Argued October 31, 1927—Decided February 6, 1928.

For the appellants, *John L. Heher* and *Aaron V. Dawes*.

For the respondent, *Marlin P. Devlin*.

The opinion of the court was delivered by

WHITE, J. The plaintiff corporation sued Joseph H. Stone and Herman Stone as partners, trading as Stone & Company, upon a book account for merchandise sold and delivered between April 23d and June 8th, 1925. The answer denied the existence of the partnership at the time of the sale, and at the trial a dissolution agreement in writing, dated January

19th, 1925, between the two partners, whereby Joseph H. Stone withdrew from the partnership and transferred his entire interest to his partner, Herman Stone, who was to continue under the same trade name of Stone & Company, was testified to and produced by Herman Stone, who also testified that on the 22d of January he sent by mail, postage prepaid, to the plaintiff, from whom the partnership had previously bought merchandise, a letter advising it of the withdrawal from the firm of Joseph H. Stone, who seems to have been the one of the two partners of financial responsibility. Both the facts of dissolution and the receipt of this letter were denied at the trial by the plaintiff, on whose behalf it was testified that at the time of making the sale it had neither knowledge nor notice of the alleged withdrawal of Joseph from the defendant firm.

The defendants offered to prove by the testimony of one of the partners and of a third party that a sales agent of the plaintiff, named Greenberg, one of whose duties it was to report to his employer upon the financial responsibility of its customers, had admitted that the officers of the plaintiff company had received the notice of dissolution by the letter above mentioned. The learned trial judge, as we think properly, excluded this evidence. It was clearly hearsay. If Greenberg himself had been called to testify to occurrences within his own observation or hearing, tending to show the receipt of the letter by the officers of the plaintiff, the evidence would have been admissible, but testimony that Greenberg had "admitted" the observance by him of such occurrences to one of the defendants and to a third party was inadmissible, because the making of such an admission did not fall within the scope of his employment. *Yoshimi & Co.* v. *United States Express Co.,* 78 *N. J. L.* 281. "A principal is bound by the acts and concomitant declarations of an agent touching such matters only as are within the scope of his general employment or have been specially entrusted to his agency by the principal. Acts and declarations not falling within this rule are not within the exception to the rule excluding hearsay testimony." *Huebner* v. *Erie Railroad Co.,* 69 *Id.* 327.

The defendants also offered proof by the proper officers of their bank that on the 20th of January, the day after the signing of their partnership dissolution agreement, the partnership deposit account and the partnership paper in the bank were changed so that the retiring partner, Joseph H. Stone, ceased to have future control or liability thereof or thereunder. This evidence was excluded, and, we think, erroneously. It tended to corroborate the actual fact of dissolution. That fact was at issue in the case, both by the pleadings and in the testimony, and the learned trial judge in his charge expressly left it to the jury for their determination. It may be that the jury thought the dissolution whereby the only member of the firm of financial responsibility was withdrawn from its subsequently incurred liabilities, was the result of an afterthought, and that it had not in fact taken place when the merchandise in question was bought, but if they had had before them the unbiased testimony of bank officers showing the actual withdrawal of the retiring partner on the books of the bank at the time the dissolution was claimed to have occurred, they might well have been influenced by such evidence to a contrary view.

For this reason the judgment is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.